**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| OTIS DOLPHIN, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 06-088-GPM** |
| | ) | |
| EQUIBASE, L.L.C., and JOCKEY CLUB | ) | |
| RACING SERVICES, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This Court is familiar with Plaintiff and his claims (*see Dolphin v. Illinois Racing Board, et al.*, civil case no. 99-316-GPM, dismissed May 3, 2000); however, this case involves different defendants than previously before the Court.[1]  In this case, Plaintiff purports to bring his claims under federal criminal laws (mail fraud and conspiracy), "the laws of the trade secret," copyright laws, common law fraud, and contract law.  His contract claim appears to be based on an alleged contract between Defendant Equibase, L.L.C., and Fairmount Race Track, which is not a party to

---

[1]After the Court dismissed Plaintiff's action bearing civil case number 99-316-GPM, Plaintiff filed another action bearing civil case number 01-622-DRH, asserting the same claims as those asserted in number 99-316-GPM against the same defendants as named in 99-316-GPM. In a Memorandum and Order dated November 9, 2001, the Honorable David R. Herndon dismissed the action as barred by *res judicata* and barred Plaintiff from filing any further lawsuits arising out of the facts involved in that matter against those named defendants.  Judge Herndon further ordered:  "If Dolphin files another lawsuit against these Defendants arising out of the same facts, the Court will seek appropriate sanctions including, but not limited to, barring Dolphin from filing further lawsuits in this judicial district."  (Civil case no. 01-622-DRH, Doc. 2, p. 3.)

this action, "to sell programs, horse racing information in code to see who will win the race at bottom of program" (Doc. 1).  This is somehow intertwined with his copyright claim.  While these claims seem unintelligible, and for the most part they are, when read in conjunction with Plaintiff's former lawsuits,[2] things become clearer.  Plaintiff's livelihood depends on his successful wagering at the race track, and in this action he continues to blame anyone associated with the tracks or racing publications for him not winning (*see* 99-316-GPM, Doc. 50; 06-088-GPM, Doc. 1, p. 10).  The similarity of his lawsuits becomes clear on page 5 of his complaint, wherein he states:

> "Fraud with Particularity," who, what where when & how, "Turkway" Racetrack 09/25/04.  Big numbers to win race.  Played 3 horse to win "Code at bottom" 276 & 264 for 3 horse to win race and 2 horse to place 259 and 1 horse to show (third).  208.  "Fraud" 6 horse slowest in race 149, and 4 horse second slowest in race 188-156 [sic]."

(Doc. 1, p. 5.)  The Court surmises that Plaintiff's grievance is what it was when the Court held a hearing in his earlier case, giving him every opportunity to convince this Court that he could state a claim:  Plaintiff has a system for calculating which horse should win, and he is so unhappy that his selections do not win that he continues to file suit against anyone associated with racing.  There is no basis for Plaintiff to recover the $10 billion in damages that he seeks.

Defendants move to dismiss this action for lack of personal jurisdiction or, alternatively, for failure to state a claim.  However, they seek dismissal with prejudice.  A dismissal for lack of personal jurisdiction is necessarily a dismissal without prejudice.  Therefore, the Court will consider what Defendants really seek, which is a dismissal on the merits.  This Court has thoroughly considered Plaintiff's claims in this case and finds them to be wholly without merit for the reasons

---

[2]This is the seventh such suit filed by Plaintiff, and he has separately sued a district judge.

stated above and for those stated in the May 3, 2000, Memorandum and Order issued in case number 99-316-GPM.  Accordingly, Defendants' motion to dismiss (Doc. 13) is **GRANTED**, and this action is **DISMISSED with prejudice**.

Plaintiff is hereby **BARRED** from filing in this district court any further actions claiming interference with his livelihood of wagering at race tracks, and the Clerk will not file any such cases.

**IT IS SO ORDERED.**

DATED:  06/13/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge